IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Nancy Robinson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-CV-291 |
| ) | |
| Cavalry Portfolio Services, LLC ) | Jury Trial Demanded |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendants, in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant(s) transact business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Nancy Robinson (hereafter referred to as "Plaintiff" and/or "Ms. Robinson") is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant Cavalry Portfolio Services, LLC (hereafter referred to as "Defendant" and/or "Defendant Cavalry") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a Foreign Limited Liability Company organized in Delaware, with its principal office located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Ms. Robinson incurred a consumer debt with HSBC/Orchard Bank.

11. Sometime prior to July, 2011, Plaintiff's debt was consigned, assigned or otherwise claimed to be transferred to Defendant Cavalry for collection from Plaintiff.

12. Defendant Cavalry retained the law firm of Garner & Connor, PLLC (hereafter referred to as "Garner and Conner") to further execute collection efforts regarding the above-

referenced debt.

13. Acting at the directive of its client, Garner & Connor filed civil litigation in Knox County General Sessions Court against Mrs. Robinson which was issued May 18, 2011, *Cavalry Portfolio Services, LLC assignee HSBC/Orchard Bank v. Nancy S. Robinson*, Docket Number 93242G.

14. The amount sought by Cavalry in said civil suit was $1,106.62.

15. After issuance of the above-referenced civil suit but prior to the initial hearing date, Ms. Robinson filed a voluntary petition commencing under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee at Knoxville on July 11, 2011, case number 3:11-bk-33249.

16. Defendant, as well as Defendant's counsel, Christopher Conner, was listed in both Schedule F – Creditors Holding Unsecured Nonpriority Claims and the creditor matrix in Ms. Robinson's bankruptcy filing. Both Schedule F and the creditor matrix are cumulatively attached hereto as Exhibit A and incorporated herein by reference.

17. On September 25, 2011, Defendant filed a proof of claim in Ms. Robinson's Chapter 13 case regarding the same account reference supra. The amount listed in the proof of claim was $1,332.42. The proof of claim is attached hereto as Exhibit B and incorporated herein by reference.

18. During the administration of her Chapter 13 case, Ms. Robinson, through counsel, filed an objection to the above-referenced proof of claim alleging on November 12, 2014. Ms. Robinson's objection alleged Defendant did not have sufficient documentation to valid Defendant's standing in addition to validation of the amount sought in the proof of claim. The objection filed in Ms. Robinson's bankruptcy case is attached hereto as Exhibit C and

incorporated herein by reference.

19. On December 17, 2014, the Honorable Suzanne H. Bauknight of the United States Bankruptcy Court granted Ms. Robinson's objection whereby Defendant's claim was disallowed. A copy of the Order is attached hereto as Exhibit D and incorporated herein by reference.

20. Prior to Ms. Robinson's Objection to Defendant's proof of claim, a total of $507.30 was disbursed to Defendant through the Chapter 13. The balance owed on said claim at the time the objection was granted would have been $825.12. A copy of the Chapter 13 Trustee Online Case Status System is attached hereto as Exhibit E and incorporated herein by reference.

21. Subsequently, an arrearage accrued in Ms. Robinson's Chapter 13 case whereby the Bankruptcy Court granted the Chapter 13 Trustee's Motion to Dismiss on January 22, 2015. The Order for Dismissal and Disbursement of Funds is attached hereto as Exhibit F and incorporated herein by reference.

22. Once Ms. Robinson's Chapter 13 case was dismissed, Defendant resumed its collection suit against Ms. Robinson.

23. On April 1, 2015, Defendant, through its counsel, moved for, and was granted, a default judgment against Ms. Robinson in the amount of $1,106.62 – the same amount originally sought when the civil summons/warrant was issued in 2011. A copy of the judgment is attached hereto as Exhibit G and incorporated herein by reference.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
## UNFAIR PRACTICES

24. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 23 above as if set forth fully herein.

25. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

26. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the Defendant originally filed civil litigation in 2011 seeking $1,106.62, then filed a proof of claim in Ms. Robinson's Chapter 13 case for $1,332.42, see Exhibit B, and then obtained a default judgment post-bankruptcy dismissal of $1,106.62 even though Defendant had received payments inside the Chapter 13 case of $507.30, see Exhibits E and G.

27. The amounts demanded by Defendant is a result of Defendant's efforts to keep Ms. Robinson confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

28. By obtaining a default judgment in the same amount originally sought in 2011 without crediting Ms. Robinson payments received in her Chapter 13 case, Defendant is attempting to collect amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

29. As a result of Defendant's actions, Mrs. Robinson is entitled to an award of actual

damages, statutory damages, as well as an award of costs and attorney fees.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

30. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 29 above as if set forth fully herein.

31. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

32. As more fully described in the first cause of action *supra*, Defendant sought for, and was granted, default judgment against Ms. Robinson for the same amount sought in the original civil warrant/summons without crediting payments received through the Chapter 13 case.

33. By doing so, Defendant has used false, deceptive or misleading representations in connection with the character and amount of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A)

34. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### *Respondeat Superior Liability*

35. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 34 above as if set forth fully herein.

36. The acts and omissions of these individual Defendant, and the other debt collectors

employed as agents by Defendant Cavalry who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Cavalry.

37. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Cavalry in collecting consumer debts.

38. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Cavalry.

39. Defendant Cavalry is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

40. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 39 above as if set forth fully herein.

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 9th day of July, 2015.

NANCY ROBINSON

BY: /s/ Brent Travis Strunk_____
Brent Travis Strunk (BPR 023050)
Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net